UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 5 2013

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>             Plaintiff,<br><br>    v.<br><br>LOCAL 100, TRANSPORT WORKERS UNION OF AMERICA,<br><br>             Defendant. | **ECF CASE**<br><br>No. 13 Civ. 3339 (LTS) (JCF)<br><br>**STIPULATION AND ORDER OF SETTLEMENT** |

WHEREAS, a Department of Labor investigation concluded that defendant Local 100, Transport Workers Union of America ("Defendant" or "Local 100") violated section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, as amended (the "Act"), 29 U.S.C. § 481(e), when it unreasonably applied a candidate eligibility bylaw to deny certain members who had applied for supervisory positions after July 11, 2008 a reasonable opportunity to be candidates for union office in the December 7, 2012 election (the "2012 Election") and to hold union office as a result of the 2012 Election;

Whereas, on May 17, 2013, Seth D. Harris, as Acting Secretary of the United States Department of Labor,[1] brought this action pursuant to Title IV of the Act, 29 U.S.C. § 4301, *et seq.*, seeking to void the 2012 Election with respect to the positions of (i) Executive Board Member – Car Maintenance Division and (ii) Executive Board Member – Train Operator, and requesting that Local 100 conduct a new election under the supervision of the Secretary for these two specified positions;

---

[1] On July 23, 2013, Thomas E. Perez was appointed as Secretary of Labor (the "Secretary") and automatically was substituted as plaintiff in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Whereas, Local 100 wishes to avoid the cost and uncertainty created by the continued litigation of this matter;

NOW THEREFORE, it is hereby stipulated between the Secretary and Local 100 (the "Parties"), by and through their undersigned counsel, that the Parties hereby agree to the settlement of this action as follows:

1.    The Parties hereby stipulate and agree that Local 100 shall conduct, under the supervision of the Secretary, a new election (the "Supervised Election") for the positions of (i) Executive Board Member – Car Maintenance Division and (ii) Executive Board Member – Train Operator, to be conducted no later than April 25, 2014, unless the Secretary in his sole discretion determines that the supervised election should be conducted at a later date. Balloting for the Supervised Election shall be conducted by mail. Local 100 shall provide advance notice to members who are not in good standing but who would otherwise be entitled to vote in the Supervised Election that they must take action to reinstate their eligibility to vote, and shall provide a reasonable opportunity for these members to become members in good standing prior to the ballot count. Local 100 shall not be required to reopen nominations for the positions to be elected in the Supervised Election, unless the position is uncontested. Candidates who were disqualified by bylaw article XI, section (d) during the 2012 Election shall be permitted to run for office without the need to submit petitions.

2.    The Parties agree that the supervised election shall be conducted in accordance with Title IV of the Act, 29 U.S.C. §§ 481-484, and, insofar as lawful and practicable and except as provided in this Stipulation, in accordance with the TWU Constitution and the bylaws of Local 100.

3.    Local 100 agrees that it shall not enforce Local 100 Bylaw article XI, section (d) for purposes of the Supervised Election or any future election and that it shall seek repeal of said

- 2 -

bylaw by the membership. The Local 100 Executive Board shall recommend that the bylaw be repealed.

4.     All decisions as to the interpretation or application of Title IV of the Act and the constitutions of TWU and bylaws of its local unions relating to the supervised election are to be determined by the Secretary, and his decisions shall be final and binding.

5.     The Court shall retain jurisdiction of this action. After completion of the Supervised Election, the Secretary shall certify to the Court the names of the persons so elected, that such election was conducted in accordance with Title IV of the Act, and, insofar as lawful and practicable, that the election was conducted in accordance with the TWU Constitution and Local 100 Bylaws. Upon the Court's receipt and approval of such certification, the Court shall enter a judgment declaring that such persons have been elected to serve as duly elected officers, as shown by such certification, and will dismiss the case, pursuant to 29 U.S.C. § 482(c).

6.     This Agreement does not constitute an admission by Local 100 that it violated Title IV of the Act in conducting the 2012 Election.

7.     Nothing in this Stipulation shall limit the Secretary's authority under the Act to conduct the Supervised Election.

8.     The Secretary and Local 100 each agree to bear his/its own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding.

9.     It is contemplated that the Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

10.    This Stipulation addresses all issues that have been or may be raised with Local 100 or its parent union, the Transport Workers Union of America, with respect to the 2012 Election under Title IV of the Act, including, but not limited to, the enforcement of the bylaw.

Date: November **20**, 2013

Date: November **20**, 2013

PREET BHARARA
United States Attorney
Southern District of New York

By: _____
MICHAEL J. BYARS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2793
Facsimile: (212) 637-2717
E-mail: michael.byars@usdoj.gov
*Attorney for plaintiff the Secretary of Labor*

ADVOCATES FOR JUSTICE
CHARTERED ATTORNEYS

By: _____
ARTHUR Z. SCHWARTZ
Principal Attorney
225 Broadway, Suite 1902
New York, New York 10007
Telephone: (212) 285-1400
Facsimile: (646) 219-6569
E-mail: aschwartz@advocatesny.com
*Attorney for defendant Local 100,*
*Transport Workers Union*

The Clerk of Court is requested to close this case.
SO ORDERED:

_____  12/5/13
HON. LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE

- 4 -