IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

THOMAS E. PEREZ, Secretary of Labor, )
United States Department of Labor, )
) **ECF CASE**
                        Plaintiff, )
) No. 13 Civ. 3339 (LTS)(JCF)
      -v- )
) CERTIFICATION OF
) SUPERVISED ELECTION
LOCAL 100, TRANSPORT WORKERS )
UNION OF AMERICA, )
)
                        Defendant. )
_____

## DECLARATION OF
## PATRICIA FOX

      I, Patricia Fox, am the Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). The Department supervised an election of officers of Local 100, Transport Workers Union of America ("Defendant" or "Local 100"), which was completed on April 11, 2014, pursuant to a December 5, 2013 Stipulation and Order issued by this Court. Pursuant to this Stipulation and Order, the supervised election also included new elections for the positions of (i) Executive Board Member – Car Maintenance Division and (ii) Executive Board Member – Train Operator.

      On December 9, 2013, all candidates and election committee members involved in Local 100's 2012 election were mailed an invitation to attend a pre-election conference. The Pre-Election Conference was held on December 18, 2013 at 10:00 a.m., at the OLMS New York District Office (201 Varick Street, Room 841, New York, NY 10014). The purpose of the conference was to develop election rules and procedures and to establish timeframes to be used in conducting the election. The conference was open

to all interested parties and provided attendees the opportunity to participate in formulating the election rules by presenting materials or comments.

At the December 18, 2013 Pre-Election Conference, Henry Fleary - an OLMS investigator designated as the election supervisor - established the election rules, including nomination and election procedures, protest procedures, and time frames for Defendant Local 100's supervised election. The Election Supervisor advised the attendees that the Department was responsible for assuring the conduct of a fair election under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), and, insofar as lawful and practicable, in accordance with provisions of Local 100's Constitution and the Transport Workers of America's Constitution and Bylaws (International Constitution). Moreover, the Election Supervisor advised attendees that the Election Rules were subject to modification. The Election Supervisor mailed a copy of the rules established at the pre-election conference to all invitees on January 14, 2014. Candidates received another copy of the Election Rules at the January 22, 2014 candidates meeting.

The Election Supervisor had the authority and responsibility for implementing all aspects of the supervised election. The same Election Committee members involved in Local 100's 2012 election conducted the election under the supervision of the Department.

The supervised election was conducted for the offices of Executive Board Members – Car Maintenance Division (4) and Executive Board Members – Train Operator (3). There were two slates in the election, the incumbent slate and the opposition slate. The incumbent slate was headed by President John Samuelsen and the

opposition slate was headed by Joseph Campbell. There was one independent candidate running for the office of Executive Board Member – Car Maintenance Division and another independent candidate running for the office of Executive Board Member – Train Operator. The incumbent slate won in the Train Operators division election but lost the Car Maintenance election to the opposition slate. The list of those candidates who won the election is attached.

The protest procedure delineated in the Election Rules required that "all protests concerning the conduct of election must be in writing and received by the Election Supervisor. . . ." The Department received a pre-election protest by Ainsley Stewart, an unsuccessful candidate for an Executive Board Member – Car Maintenance Division position, dated February 4, 2014. Stewart alleged that the ballot format and language were discriminatory against him and "inadequate, confusing and misleading." Stewart requested that the voting instructions be simplified for the benefit of the majority of the Car Maintenance Division membership whose native language is not English. Additionally, Stewart requested that his name appear on the ballot with all letters capitalized and that the Independent column on the ballot have a similar check-off box and language as the columns for the slates.

Section 401(c) of the LMRDA prohibits disparate treatment among candidates for union office, and requires that unions provide adequate safeguards to insure a fair election. *See* 29 U.S.C. § 481(c). A determination as to the position of candidates' names on the ballot may be made in any reasonable manner permitted by the union's constitution and bylaws, consistent with the provisions of the LMRDA. 29 C.F.R. § 452.112.

3

The Department's investigation determined that simplification of the ballot language was unnecessary because the ballot was not unclear and Car Inspector employees must be able to understand, and be understood, in English as a prerequisite for employment with NYC Transit.  Further, Local 100's past practice is not to capitalize candidates' names on the ballot, nor provide additional means for members to vote for an independent candidate on the ballot.  Local 100's past practice was a reasonable election rule which did not treat any candidate in a disparate manner. Accommodating Stewart's request for capitalization and an additional check-off box would have resulted in disparate treatment in favor of Stewart.  Additionally, other candidates at the January 22, 2014 Candidates' Meeting objected to Stewart's request for an additional check-off box.  Thus, Stewart's requests were permissibly denied.  There was no violation of the LMRDA.

The Department has concluded from its investigation that Local 100's April 11, 2014 election of officers, conducted under the Department's supervision, complied with Title IV of the Act and was conducted, insofar as lawful and practicable, in accordance with Local 100's Constitution, the International Constitution and the Act.  Therefore, no reason exists to overturn the results of this supervised election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 23rd day of October 2014, in the City of Washington, District of Columbia.

*Patricia Fox*
_____
Patricia Fox, Chief
Division of Enforcement,
Office of Labor-Management Standards,
United States Department of Labor